RAILWAY COMPANY *v.* SMITH.

(*Knoxville.* September 16, 1890.)

1. RAILWAY COMPANY. *Not liable for injury to brakeman, when.*

For injury received by brakeman while engaged in making coupling, under order of his engineer, between his own and another section of .a freight-train, the railway company is not responsible, where it appears that a conductor was in charge of the train on which the brakeman was employed, and by which he was struck and injured; and that the brakeman knew that it "was dangerous and reckless, and against the rules and orders of the company" to make such coupling; and it further appears that the injury was not attributable to defects in the company's road-bed or machinery, nor to incompetent servants.

2. SAME. *Same. Erroneous and misleading charge.*

In a case where it is clear that a conductor was in charge of the train, and the engineer and brakeman' therefore fellow-servants, it is misleading and erroneous for the Court, in his charge, to state imaginary cases in which the engineer might become the superior of the brakeman.

---

FROM KNOX.

---

Appeal in error from Circuit Court of Knox County. L. A. GRATZ, Sp. J.

W. M. BAXTER and HENDERSON & JOUROLMON for Railway Company.

INGERSOLL & PEYTON for Smith.

LEA, J. Smith was front brakeman on a freight-train, going from Knoxville to Bristol, on

the night of January 22, 1889. He was riding on the engine with the engineer. In going up a grade near Greenville, they came near the first section of a freight-train, they being the second section. The first section was moving very slowly, and seemed about to stop. When within thirty or forty feet of the caboose, Smith says the engineer told him to make the coupling, in order to push the first section over the grade; that such an order had been previously given a mile back, and he refused to make such a coupling while the first section was moving.

He says he thought the first section had stopped when he left the engine to make the coupling. He went out over the engine and upon the ground, and went forward and climbed into the caboose of the first section, secured a coupling-pin, placed it in the draw-head of the caboose, and then walked back to the pilot of the engine, got upon it, lifted up the draw-bar, signaled his engineer to come ahead, when the engineer told him, "Never mind, they are gone." He then dropped the draw-bar, when his foot slipped, and he fell to the ground, and was run against by the pilot, thrown from the track, and hurt.

The first section was moving when he went into the caboose and when he left it; and the conductor of the first section told him, while in the caboose, not to hitch on to his train, as he would soon be over the grade. This, Smith says, he did not hear.

For the injuries received, this suit is brought. He had been in the employment of the company for some time as brakeman. The coupling apparatus was all right. Nothing was the matter with the machinery or with the track; all were in good order.

It was his duty to make couplings, and he had often done it before. He insists the only objection to the engine was that there was only a small "slot" in which a part of the foot could be placed. It was known as a "Jack" engine. It is a modern engine, and experts say the style of the pilot was the best and safest for removing obstructions from the track. These engines are used altogether upon the company's road.

Upon the second section there was a conductor in charge of the train. Both trains were moving when he was preparing to make the coupling.

He states that he refused to make the coupling when first ordered by the engineer, because it was dangerous and reckless, and against the rules and orders of the company to make a coupling with a moving train.

Upon this statement of facts the plaintiff below was not entitled to a recovery. If he was ordered by the engineer to make the coupling to the moving train (which the engineer denies), he was not in duty bound to do so, as he says the rules and regulations of the company forbid him to couple to a moving train.

Again, the engineer and brakeman upon the

same train, the conductor being in charge thereof, were fellow-servants engaged, as in this instance, in the same common duty, to wit: the coupling of the trains.

The company is not liable for the negligence of either by which the other is injured, there being no proof of the incompetency of either to discharge the duties for which they were employed by the company.

The next assignment of error is upon the charge of the Court. The Court correctly charged the law in regard to fellow-servants, and then said to the jury, "I can well imagine a case, and you can, also, where the engineer might be master." This was error.

The special Judge then proceeded to imagine one or more cases, though all the proof in this case showed that the conductor was in charge of the train, all of which tended to confuse the jury, and we are unable to tell to what extent they proceeded to exercise their imagination.

Let the judgment be reversed, and the case remanded.